**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**ODALIS CRUZ, and
ANTONIO R. CRUZ,**

      **Plaintiffs,**

**vs.**                                     **Case No. 1:26cv22-RH-MAF**

**ALACHUA COUNTY SHERIFF'S
OFFICE, et al.,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiffs, proceeding pro se, initiated this case by filing a civil rights complaint, ECF No. 1, and simultaneously paying the filing fee.  The complaint was reviewed to determine if the pleading was sufficient for service.  *See* ECF No. 3.  Because it was not, Plaintiffs were provided an opportunity to file an amended complaint.  *Id.*

In particular, Plaintiffs were required to file a proper statement of facts which set forth the basis for the claims asserted against all five of the named Defendants.  *Id.*  As presented, Plaintiffs included only a "consolidated legal memorandum" which did not identify the actions or

omissions of each named Defendant, nor did Plaintiffs state when any particular event occurred.  ECF No. 1 at 14.  Furthermore, Plaintiffs were informed that as pro se litigants, they could not assert claims on behalf of a "family member" instead of claims which were personal to the Plaintiffs.  ECF No. 3.  Thus, Plaintiffs were advised that they must obtain representation by an attorney and ensure that a notice of appearance of counsel was filed if they wanted to litigate the claims asserted.  Alternatively, Plaintiffs were directed to file an amended complaint by February 24, 2026.  *Id.*  As of this date, nothing further has been received, despite the warning provided that a recommendation would be made to dismiss this case if they failed to comply.  It appears that Plaintiffs have abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  *See* Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . ."  Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed.

2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  It is within this Court's discretion and "inherent authority" to dismiss a case for failing to comply with a court Order.  Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011).  Here, Plaintiffs were forewarned and have not responded to a Court Order.  Dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on February 26, 2026.


S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**